**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MICHAEL CONWAY,
Proprietor EHT Tavern, LLC.          1:16-cv-04511-NLH-AMD
doing business as
REF'S TAPHOUSE & GRILL,              **OPINION**

             Plaintiff,

      v.

RAYMOND DAVIS
CHIEF OF POLICE EGG HARBOR
TOWNSHIP POLICE DEPARTMENT
(In His Official and
Individual Capacities), JAMES
"SONNY" J. MCCULLOUGH
Mayor, ROBERT J. MILLER
Township Administrator,
EILEEN M. TEDESCO
Town Clerk/Registrar, JOE
CAFERO Council Member, FRANK
FINNERTY, and LAURA PFROMMER
Council Member (In their
individual and official
capacities),

            Defendants.

---

**APPEARANCES**:

MICHAEL CONWAY
230 MALLARD LANE
PLEASANTVILLE, NJ 08232
    Appearing *pro se*

A. MICHAEL BARKER
BARKER, GELFAND & JAMES
LINWOOD GREENE
210 NEW ROAD
SUITE 12
LINWOOD, NJ 08221
    On behalf of Defendant Raymond Davis

ERIN R. THOMPSON
BIRCHMEIER & POWELL, ESQS.
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE, NJ 08250-0582
    On behalf of Defendants James "Sonny" J. McCullough, Robert
    J. Miller, Eileen M. Tedesco, Joe Cafero, Frank Finnerty,
    and Laura Pfrommer

**HILLMAN, District Judge**

      This matter concerns claims by Plaintiff, Michael Conway,

Proprietor of EHT Tavern, LLC, which does business as

Ref's Taphouse & Grill in Egg Harbor Township, New Jersey.

Plaintiff says his application to extend temporarily his liquor

license to the outside area of his restaurant for one night on

June 12, 2016 was denied because he would not pay a $400 fee to

Egg Harbor Township as demanded by the Township's police chief,

defendant Raymond Davis.  Plaintiff claims that the $400 fee was

arbitrarily imposed and amounted to extortion.  Because

Plaintiff refused to pay the fee, Davis voided Plaintiff's

Division of Alcoholic Beverage Control ("ABC") temporary

application.

      Plaintiff claims that the decision to extend liquor

licenses rests solely with the ABC, and Davis was without legal

authority to unilaterally deny his application, which

constitutes a violation of his due process rights.  Plaintiff

also claims that the township clerk, who physically stamped

"void" on his application, the mayor, a township administrator,

and three town council members also violated his due process

rights because they failed to properly supervise Davis and

prevent him from illegally demanding a $400 fee.  Plaintiff

claims that he suffered a loss of business revenue by

defendants' actions, and is seeking $750,000 in damages.[1]

All the defendants have moved to dismiss Plaintiff's

claims against them.[2]  Davis argues that Plaintiff has not

---

[1] Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983,
which provides in pertinent part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory,
> subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

"By its terms, of course, the statute creates no substantive
rights; it merely provides remedies for deprivations of rights
established elsewhere." City of Oklahoma City v. Tuttle, 471
U.S. 808, 816 (1985).  Thus, "[t]o establish a claim under 42
U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a
right secured by the Constitution and the laws of the United
States [and] that the alleged deprivation was committed by a
person acting under color of state law." Moore v. Tartler, 986
F.2d 682, 685 (3d Cir. 1993).

[2] Plaintiff filed his original complaint solely against Davis.
(Docket No. 1.)  At the time he filed his original complaint,
Plaintiff did not include the filing fee.  Two months later,
Plaintiff filed an amended complaint, along with the filing fee.
(Docket No. 5.)  The amended complaint adds claims against the
five additional defendants, but it does not restate Plaintiff's
direct claims asserted against Davis in his original complaint.
Because Plaintiff is proceeding *pro se*, and all the defendants
were served, by way of their waiver of service, with both of
Plaintiff's complaints, the Court will consider the amended

alleged any due process injury because he did not pay the $400

fee.  Davis also argues that Plaintiff has failed to exhaust his

administrative remedies with the ABC as required by New Jersey

regulations.  The other defendants argue that Plaintiff's

conclusory allegations that they were responsible for Davis's

actions are insufficient to state claims against them, and that

Plaintiff has failed to allege any conduct or action by the

mayor, other than simply naming him in the caption of his

complaint.  The town administrator and clerk defendants further

argue that they are entitled to qualified immunity, and the

three town council member defendants argue that they are

entitled to absolute immunity for any alleged actions they

undertook in their individual capacities.

     Plaintiff has opposed Davis's motion to dismiss, but he has

not submitted an opposition to the other five defendants'

motion.[3]

---

complaint to incorporate all the claims contained in the
original complaint.  See Haines v. Kerner, 404 U.S. 519, 520
(1972), reh'g denied, 405 U.S. 948 (1972) ("Pro se complaints
must be construed liberally, and all reasonable latitude must be
afforded the pro se litigant.").

[3] Plaintiff has filed a motion to compel discovery from
Defendants, arguing that Defendants have failed to file their
answers or engage in discovery.  (Docket No. 16.)  Plaintiff's
motion misunderstands Fed. R. Civ. P. 12.  A defendant is
required to file its answer to a properly served complaint in
the time provided by Rule 12(a)(1), or in lieu of filing an
answer, the defendant may file a motion to dismiss pursuant to
Rule 12(b)(6).  All the defendants filed Rule 12(b)(6) motions,

## DISCUSSION

### A.    Subject matter jurisdiction

Because Plaintiff has brought claims pursuant to 42 U.S.C.

§ 1983 for alleged violations of his constitutional rights, this

Court has jurisdiction of this matter pursuant to 28 U.S.C. §§

1331 and 1343.

### B.    Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for

failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6), a court

must accept all well-pleaded allegations in the complaint as

true and view them in the light most favorable to the plaintiff.

Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well

---

and they are required to file an answer only if their motions
are denied.  With regard to discovery while a Rule 12(b)(6)
motion to dismiss is pending, formal discovery commences upon
the setting of the initial scheduling conference.  See Local
Civil Rule 16.1(a)(1) ("The initial conference shall be
scheduled within 60 days of filing an initial answer, unless
deferred by the Magistrate Judge due to the pendency of a
dispositive or other motion."); Local Civil Rule 26.1(b)(2)
("The initial meeting of parties as required in Fed. R. Civ. P.
26(f) shall be convened at least 21 days before the initial
scheduling conference, and the proposed discovery plan under
Fed. R. Civ. P. 26(f)(3) shall be generated at that meeting and
delivered to the Magistrate Judge within 14 days after the
meeting of parties.").  Consequently, Plaintiff's motion to
compel discovery is unavailing on a substantive basis, and it is
moot as a result of this Opinion, since Davis must now file an
answer, an initial scheduling conference will be set, and the
parties will be begin to engage in discovery as required by
Rules 16.1 and 26.1.

settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

6

Following the Twombly/Iqbal standard, the Third Circuit has
instructed a two-part analysis in reviewing a complaint under
Rule 12(b)(6).  First, the factual and legal elements of a claim
should be separated; a district court must accept all of the
complaint's well-pleaded facts as true, but may disregard any
legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129
S. Ct. at 1950).  Second, a district court must then determine
whether the facts alleged in the complaint are sufficient to
show that the plaintiff has a "'plausible claim for relief.'"
Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do
more than allege the plaintiff's entitlement to relief.  Id.;
see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d
Cir. 2008) (stating that the "Supreme Court's Twombly
formulation of the pleading standard can be summed up thus:
'stating . . . a claim requires a complaint with enough factual
matter (taken as true) to suggest' the required element.  This
'does not impose a probability requirement at the pleading
stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of'
the necessary element").  A court need not credit either "bald
assertions" or "legal conclusions" in a complaint when deciding
a motion to dismiss.  In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the
burden of showing that no claim has been presented.  Hedges v.

7

U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages,

Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only

consider the facts alleged in the pleadings, the documents

attached thereto as exhibits, and matters of judicial notice.

S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,

181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,

however, "an undisputedly authentic document that a defendant

attaches as an exhibit to a motion to dismiss if the plaintiff's

claims are based on the document."  Pension Benefit Guar. Corp.

v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.

1993).  If any other matters outside the pleadings are presented

to the court, and the court does not exclude those matters, a

Rule 12(b)(6) motion will be treated as a summary judgment

motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**C.   Analysis**

Addressing first the motion to dismiss of the township

administrator, clerk, and three council members, the Court finds

that Plaintiff's complaint does not meet the Rule 8 and

Twombly/Iqbal pleading standards.  Plaintiff has not alleged any

conduct by the mayor, and for the other four defendants,

Plaintiff states, without any factual support, that they are

responsible for supervising Davis and preventing him from

imposing an exorbitant fee for a liquor license extension.

These pleading deficiencies, along with Plaintiff's failure to

oppose defendants' motion, warrant the dismissal of Plaintiff's

claims against these defendants.[4]

Next, with regard to Davis's motion to dismiss, the Court

finds that contrary to Davis's argument, Plaintiff has not only

pleaded his damages for Davis's alleged violation of Plaintiff's

due process rights,[5] Plaintiff does not have to prove actual

injury to be successful on a due process violation claim.[6]

The Due Process Clause of the Fourteenth Amendment provides

---

[4] Even though pro se complaints, "however inartfully pleaded,
must be held to less stringent standards than formal pleadings
drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976),
pro se litigants "must still plead the essential elements of
[their] claim and [are] not excused from conforming to the
standard rules of civil procedure," McNeil v. United States, 508
U.S. 106, 113 (1993)("[W]e have never suggested that procedural
rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); 
Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir.
2006)(finding that pro se plaintiffs are expected to comply with
the Federal Rules of Civil Procedure).

[5] Plaintiff claims that he lost business revenue as a result of
Davis voiding his extension application.

[6] Plaintiff's complaint, which is drafted from a court-issued
form for use by pro se litigants, specifies that his claims are
for defendants' violation of his substantive and procedural due
process rights.  (Docket No. 1 at 5-6, Docket No. 5 at 4-5.)
Plaintiff's allegations against the five other defendants
contain a reference to his equal protection rights, but those
claims are dismissed against those defendants, and Plaintiff
does not suggest a violation of his equal protection rights by
Davis.  Thus, the Court construes Plaintiff's claims against
Davis to be solely for alleged procedural and substantive due
process violations.

that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV, § 1.  It is well established that the Due Process Clause contains both a procedural and substantive component.  American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012).  To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law."  Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (citation omitted).  To state a substantive due process claim, a plaintiff must show: (1) he was deprived of a protected property interest; and (2) a state actor acted with a degree of culpability that shocks the conscience.  Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008); Maple Prop., Inc. v. Twp. of Upper Providence, 151 F. App'x 174, 179 (3d Cir. 2005) (finding conscience-shocking behavior where the misconduct involves corruption, self-dealing, or a concomitant infringement on other fundamental individual liberties).

A liquor license has been held to constitute a property interest protectable by the Fourteenth Amendment, see Sea Girt Restaurant and Tavern Owners Ass'n, Inc. v. Borough of Sea Girt,

10

New Jersey, 625 F. Supp. 1482, 1488 (D.N.J. 1986) (holding that

a New Jersey liquor license is an interest in property for

purposes of federal due process analysis),[7] and a plaintiff does

not need to show an actual injury to prevail on a due process

violation claim, see Carey v. Piphus, 435 U.S. 247, 266 (1978)

(citations omitted) (holding that because "the right to

procedural due process is 'absolute' in the sense that it does

not depend upon the merits of a claimant's substantive

assertions, and because of the importance to organized society

that procedural due process be observed, . . . the denial of

procedural due process should be actionable for nominal damages

without proof of actual injury").

> Plaintiff alleges the following as to Davis:
>
> The defendant Raymond Davis, Chief of the Egg Harbor
> Township Police Department has inexplicably violated
> plaintiff's due process rights as a liquor license holder.
> As proprietor of EHT Tavern, LLC d/b/a/ Refs Tap House &
> Grill, a licensed liquor establishment plaintiff sought to
> exercise his right to conduct business.
>
> Plaintiff submitted petitions to extend licensed premises
> pursuant to N.J.A.C. 13:2-5.1 and N.J.S.A. 33:1-74.
> Plaintiff sought a permit for the immediate outside area of
> the licensed premises located at 6711 Washington Street,
> Egg Harbor Township, New Jersey.  The purpose of the

---

[7] Plaintiff states in his complaint that he is a liquor license
owner, but it appears that temporary permits to sell alcoholic
beverages are available to non-liquor license owners as well.
See N.J.S.A. 33:1-74; see also, *infra*, the Court's discussion of
the statutes and regulations governing this type of temporary
permit.  The Court does not opine at this time whether a
temporary permit available to a non-liquor license holder is a
protectable property right.

application was to permit drinks to be served during local band night, kids jam.

The Division of Alcoholic Beverage Control has codified regulations which grant plaintiff the right to apply for the extension of his licensed premise.  As part of the application process the applicant is required to submit the application to the local Chief of Police for comments before the application is forwarded to the ABC.  The Chief is acting strictly in an advisory capacity in accordance with the statute and regulatory code governing the application to extend a licensed premise.

Chief Raymond Davis however, instituted his own fee of $400.00 per day before he would sign the application for processing with the ABC.  Such action violated plaintiff's due process rights.  The arbitrary fee imposed by Chief Davis is tantamount to an extortion fee in light of the fact that it cannot be found either in the regulatory code or State Statute.  When plaintiff failed to pay the additional $400.00 per night fee demanded by Chief Davis he refused to sign the ABC application, but instead stamped "VOID" on all of plaintiff's ABC applications to extend a licensed premise.  This violated plaintiff's due process right to have his applications forwarded to the ABC for their decision-making authority in the matter.

(Docket No. 1 at 4-5.)

Accepting these allegations as true, Plaintiff has sufficiently pleaded his procedural and substantive due process violation claims against Davis.  Plaintiff claims that Davis deprived him of his protected property interest – the ability to avail himself of his rights as a liquor license holder to seek a license extension – by voiding his application without any process to challenge that result, except for paying the demanded fee, which demand had no legal basis and therefore could be considered to shock the conscious.

This analysis, however, raises Davis's second basis for the dismissal of Plaintiff's claims – his failure to exhaust his administrative remedies before the ABC.  If Plaintiff had available to him procedures to challenge Davis's actions, Plaintiff's due process violations claims might be unsupportable.

New Jersey statute permits the director of the ABC to issue temporary permits to sell alcoholic beverages.  N.J.S.A. 33:1-74.  The fee for an extension of the licensed premises permit is $75.00 per day.  N.J.A.C. 13:2-5.4.

The procedure by which a license holder applies for a premises extension is explained in the New Jersey ABC's municipal handbook:

> A licensee who wishes to hold an event in an area that is off the licensed premises but on property that is contiguous to it may apply for an Extension of Premises Permit.  An application includes information regarding the nature of the event, the location, and justification for the permit.  It must be accompanied by a sketch that depicts the extended area as it adjoins the licensed premises.  The application form must be endorsed by the municipal clerk or secretary of the local A.B.C. Board and the chief of police of the municipality in which the license is issued.  The fee for this permit is $75 per day. (N.J.S.A. 33:1-74.)

Alcoholic Beverage Control Handbook for Municipal Issuing Authorities, page 39, available at http://www.nj.gov/oag/abc/downloads/abcmunicipalhandbook.pdf.

Should a license holder wish to appeal a decision of the

13

municipal issuing authority[8] regarding the issuance, denial, renewal, transfer, suspension or revocation of a retail license, the license holder must file, in duplicate, of a notice and petition of appeal to the Director of the Division of Alcoholic Beverage Control.  N.J.A.C. 13:2-17.1.  According to the ABC Handbook for Municipal Issuing Authorities, municipal actions appealed to the Division will usually be referred to the State's Office of Administrative Law for a hearing held before an Administrative Law Judge.  The Judge will issue an Initial Decision and forward the matter for final determination by the Director.  The Director must issue a final decision within 45 days, either accepting, rejecting, or modifying the Initial Decision.  See ABC Handbook for Municipal Issuing Authorities, page 2 and Appendix A at page 48-50.  If a person wishes to further appeal a final administrative decision of the Director, an appeal must be filed with the Appellate Division of the New

---

[8] The municipal issuing authority is defined by statute:

> Each municipality now or hereafter having a population of fifteen thousand or more, according to Federal or State census, may establish in and for such municipality, by resolution or ordinance of the governing board or body now established by law in respect to such municipality, a municipal board of alcoholic beverage control, which shall consist of three persons, no more than two of whom shall be of the same political party, who shall be chosen and appointed by the governing board or body of such municipality, for a term of three years.

N.J.S.A. 33:1-5.

Jersey Superior Court.  Id. at 17.

Davis argues that Plaintiff was required to follow these appeal procedures after Davis voided Plaintiff's petition to extend his license premises, and Plaintiff's failure to do so requires the dismissal of his claims.  In response, Plaintiff argues that he tried to follow the procedures of N.J.A.C. 13:2-17.1, filing a request for a hearing before an administrative law judge, but that Davis blocked his appeal because like the permit requirement, the administrative appeal required Davis's approval.  Plaintiff attaches several documents to his opposition brief to support his position.[9]

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts," and that "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."  McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992), superseded by statute on other grounds, 42 U.S.C. § 1997e(a) (citation omitted).  But because federal courts are vested with a "virtually unflagging obligation" to exercise the jurisdiction given them, the Supreme Court "has declined to require exhaustion in some circumstances even where administrative and

_____

[9] One of Plaintiff's document is the voided petition to extend licensed premises.  (Docket No. 13 at 12-14.)

15

judicial interests would counsel otherwise." Id. (citations omitted).

The Supreme Court has set forth three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion: (1) requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action; (2) an administrative remedy may be inadequate because of some doubt as to whether the agency was empowered to grant effective relief, including where the challenge is to the adequacy of the agency procedure itself, such that the question of the adequacy of the administrative remedy is for all practical purposes identical with the merits of the plaintiff lawsuit, or an agency may be competent to adjudicate the issue presented, but still lack authority to grant the type of relief requested; and (3) where the administrative body is shown to be biased or has otherwise predetermined the issue before it. Id. at 146-49 (citations omitted).

Ultimately, whether the exhaustion of administrative remedies is required rests on a pivotal distinction: statutory exhaustion requirements are mandatory, and courts are not free to dispense with them, but common law (or "judicial") exhaustion doctrine recognizes judicial discretion to employ a broad array of exceptions that allow a plaintiff to bring his case in

16

district court despite his abandonment of the administrative

review process.  See id. at 146; see also Kobleur v. Group

Hospitalization and Medical Services, Inc., 954 F.2d 705, 711

(11th Cir. 1992) (citing Haitian Refugee Center, Inc. v. Nelson,

872 F.2d 1555, 1561 (11th Cir. 1989), aff'd, 498 U.S. 479 (1991)

("The failure to exhaust an administrative remedy created by

statute generally denies jurisdiction in the courts.  But when,

as in this case, the exhaustion requirement is created by agency

regulations, the decision whether to require exhaustion is a

matter for district court discretion.")).

Procedurally, the failure of a plaintiff to exhaust his

administrative remedies is an affirmative defense to be pleaded

by the defendant.  See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir.

2002).  A district court may only dismiss a complaint when the

plaintiff's failure to exhaust administrative remedies is

apparent from the face of the complaint.  See id. at 293 n.5.

As Davis points out in his reply brief, Plaintiff's

complaint does not indicate whether he exhausted his

administrative remedies with the ABC.  Consequently, Plaintiff's

claims against Davis cannot be dismissed pursuant to Rule

12(b)(6) for his failure to exhaust his administrative

remedies.[10]

---

[10] The Court notes that based on Plaintiff's assertions in his
complaint and opposition brief, the administrative remedies

## CONCLUSION

For the reasons expressed above, the motion to dismiss Plaintiff's complaint filed by the mayor, a township administrator, and three town council members must be granted. The police chief's motion to dismiss must be denied.

An appropriate Order will be entered.

Date:   July 25, 2017                  s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

provided by the ABC regulations appear to warrant the assessment of the factors set forth in McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992) to determine whether Plaintiff should be relieved of those administrative procedures.  The Court will not opine on that issue now, however, since it is not properly raised before the Court by Davis's current motion.